# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE CHEROKEE NATION**, <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTMENT OF THE INTERIOR**, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-02154 (TNM) |

## MEMORANDUM OPINION AND ORDER

The United States Government has long held in trust significant assets belonging to the Cherokee Nation (the "Nation"). Now the Nation seeks an accounting of its Trust Funds from the Department of the Interior and the other federal defendants (collectively, the "Government"). In response, the Government has moved to dismiss for lack of jurisdiction and for failure to state a claim. But this is far from the first lawsuit by an Indian tribe seeking a trust accounting from the United States. Indeed, the D.C. Circuit has found that the United States has mismanaged Indian trusts for nearly as long as it has been trustee. *Cobell v. Norton* ("*Cobell VI*"), 240 F.3d 1081, 1086 (D.C. Cir. 2001). Finding earlier precedent forecloses dismissal, the Court is satisfied that it has jurisdiction and that the Nation has met its burden at this early stage. As a result, the Government's motion will be denied.

### I.

"Since the founding of this nation, the United States' relationship with the Indian tribes has been contentious and tragic." *Id*. This is as true for the Nation as any other tribe. *See, e.g.*, Compl. ¶ 4 (ECF No. 1) ("[T]he Cherokee people have existed as a distinct national community

. . . for a period extending into antiquity[.]"); *id*. ¶ 5. The history has been well-chronicled in previous cases, and a detailed retelling is unnecessary here. *See, e.g.*, *Cherokee Nation v. State of Ga.*, 30 U.S. (5 Pet.) 1, 15 (1831). It is enough to recognize that the Nation cites 24 treaties with the United States going back to 1785, *id*. ¶¶ 18–47, and 36 Acts of Congress about its Trust Fund beginning in 1872, *id*. ¶¶ 49–87. The Government does not now challenge this history. Defs.' Mot. to Dismiss ("Defs.' Mot.") 2 n.1 (ECF No. 34-1).

The Nation has sued the Government for a declaratory judgment and injunctive relief under common law, statute, and the Administrative Procedure Act ("APA"). Compl. ¶¶ 131–167. The Nation seeks a Court Order that the Government owes "an accounting of Trust Funds that are held or have been held by the United States *qua* trustee for the Nation[.]" *Id*. ¶ 137; *see id*. ¶ 142. And the Nation requests an injunction to ensure it receives an accurate accounting of past and future assets, regular statement balances, and to restore the Trust Funds to their full entitlement. *Id*. ¶¶ 154, 167.

The Government argues for dismissal on jurisdictional grounds under Federal Rule of Civil Procedure 12(b)(1), and because the Nation fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. 1. Specifically, the Government argues that (1) sovereign immunity bars this lawsuit, *id*. at 7; (2) the Nation has failed to "set forth any specific relevant statutes" for its claims, *id*. at 12; (3) the Nation's claims do not challenge a "final agency action," *id*. at 14; (4) only the Court of Federal Claims can hear the case, *id*. at 19; and (5) the case is time-barred, *id*. at 20.

**II.**

To survive a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1), the Nation bears the burden of establishing that the Court has subject matter jurisdiction over its claims. *See Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). The Court accepts as true all factual allegations in the complaint. *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007). It also gives the Nation "the benefit of all favorable inferences that can be drawn from the alleged facts." *Id*.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal only if the Nation has "fail[ed] to state a claim upon which relief can be granted." A valid claim must consist of factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court construes the Nation's allegations in the light most favorable to it and accepts as true all reasonable factual inferences drawn from well-pleaded allegations. *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

**III.**

As the Nation correctly observes, the Government's arguments for dismissal "have been presented and rejected in multiple other trust accounting cases," including those in this District. Pl.'s Opp'n 2 (ECF No. 39). Indeed, as precedent goes, it is hard to get closer than Judge Hogan's recent denial of a nearly identical motion to dismiss. *See Sisseton Wahpeton Oyate of*

*the Lake v. Jewell*, 130 F. Supp. 3d 391 (D.D.C. 2015). *Sisseton* also involved trust claims for declaratory and injunctive relief under statute, common law, and the APA. *Id*. at 393–94. And the arguments for dismissal were nearly the same as well, right down to the specifics. *Id*. at 393 (listing arguments). It appears the only distinction between *Sisseton* and this case is that here the Government has raised arguments under both Rule 12(b)(1) *and* 12(b)(6), while *Sisseton* involved only the former. *See id*. But given the success of previous Indian trust claims, neither basis for dismissal is compelling. Following *Sisseton*—and the precedents on which it rests—the Court is satisfied in its jurisdiction and that the Nation has stated a claim.

*First*, the Nation is correct that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Compl. ¶ 90. That statute grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," which this case assuredly does. *See* 28 U.S.C. § 1331; *see also Cobell VI*, 240 F.3d at 1094.

*Second*, the Government's sovereign immunity argument fails because section 702 of the APA "waives the Government's immunity from actions seeking relief 'other than money damages.'" *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260–61 (1999) (quoting 5 U.S.C. § 702). As the Nation notes in its Complaint, it "makes no claim here for money damages," Compl. ¶ 90, at least in part because the Nation seeks the very accounting "that would support such a claim," *id*. at 44 n.7. More, the Government's waiver of immunity applies not only to the Nation's APA claim, but to its other claims as well, because the "APA's waiver of sovereign immunity applies to any suit whether under the APA or not." *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (plain language of § 702 confirms that the government "waives sovereign immunity

for '[a]n action in a court of the United States seeking relief other than money damages,' not [only] for an action brought under the APA").

*Third*, the body of law governing Indian trusts forecloses the Government's argument that the Nation has failed to "set forth any specific relevant statutes" for its claims. *See* Defs.' Mot. 12. *Sisseton* and *Cobell VI* are on all fours, even analyzing two of the same statutory sections—25 U.S.C. §§ 162a, 4011—that the Nation invokes. *Sisseton*, 130 F. Supp. 3d at 394; *Cobell VI*, 240 F.3d at 1090, 1102. "Further, the D.C. Circuit has consistently interpreted [the United States'] duties regarding Indian trust accounts 'in light of the common law of trusts and the United States' Indian policy.'" *Sisseton*, 130 F. Supp. 3d at 394 (quoting *Cobell VI*, 240 F.3d at 1090).

*Fourth*, the Government's trust obligations create an exception to the requirement for a "final agency action." *See* Defs.' Mot. 14. To be sure, the Nation "cannot seek wholesale improvement" of the Government's operations through a lawsuit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990). But as noted in *Cobell VI*, "where an agency is under an unequivocal statutory duty to act, failure to so act constitutes, in effect, an affirmative act that triggers 'final agency action' review." 240 F.3d at 1095 (citation omitted). At this early stage in the case, the Government's trust obligations fit that bill. *See id.*; *Sisseton*, 130 F. Supp. 3d at 395 ("Whether Plaintiffs will be successful on the merits of their claim is for another day, but the relief [they seek] is distinguishable from impermissible programmatic challenges, at least on the face of the Complaint.").

*Fifth*, the Government's contention that the Court of Federal Claims should hear this case rests on the same questionable premise as its sovereign immunity argument. *See* Defs.' Mot. 19. The Court of Federal Claims has jurisdiction over claims against the United States "for

liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Nation is not seeking damages. Compl. ¶ 90. And even if an adverse judgment against the Government required it to pay money to the Nation, that "is not a sufficient reason to characterize the relief as money damages." *Bowen v. Mass.*, 487 U.S. 879, 896 (1988).

*Sixth*, the Government's statute of limitations arguments are premature at this early phase in the case. *See* Defs.' Mot. 20. The Government says the Indian Claims Commission Act, 60 Stat. 1050 (1946), extinguished the Nation's claims, and that the six-year statute of limitations set out in 28 U.S.C. § 2401 bars all "claims that occurred more than six years prior to the filing of the complaint," Defs.' Mot. 23. In response, the Nation once again raises arguments that held sway in *Sisseton*. *See* 130 F. Supp. 3d at 396–97.

The Nation notes that accrual of a statute of limitations for breach of trust normally begins "when the trustee repudiates the trust and the beneficiary has knowledge of that repudiation." Pl.'s Opp'n 25 (citations omitted). And there is no suggestion that the Government has repudiated the trust. Judge Hogan cited this principle in *Sisseton* before going on to explain the perils of deciding the statute of limitations in a motion to dismiss. 130 F. Supp. 3d at 396–97 (citing *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981) ("There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense.")). And in any case, when the Court finds ambiguity, the Indian Canon compels interpretation to the Nation's benefit. *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985).

## IV.

For all these reasons, and upon consideration of the entire record, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss is DENIED; and it is further

**ORDERED** that the Defendants' Motion for Relief from Local Civil Rule 7(n) is DENIED as moot; and it is further

**ORDERED** that the Defendants shall file an Answer on or before January 29, 2020.

**SO ORDERED**.

Dated: January 15, 2020                           TREVOR N. McFADDEN, U.S.D.J.