UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE CHEROKEE NATION,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF THE INTERIOR,** *et al.*,<br><br>Defendants. | Case No. 1:19-cv-02154 (TNM) |

## MEMORANDUM OPINION AND ORDER

The United States Government has long held in trust significant assets belonging to the Cherokee Nation (the "Nation"). The Nation sued the Department of Interior and the other federal Defendants (collectively, the "Government") for an accounting of those trust funds. The Court denied the Government's motion to dismiss and referred the case to Magistrate Judge Faruqui for discovery. After producing some documents, the Government moved for a protective order to limit further discovery. *See* ECF No. 55. Magistrate Judge Faruqui denied that motion. *See* ECF No. 72. The Government objected to Magistrate Judge Faruqui's Memorandum Opinion ("Opinion"). Upon consideration of the Opinion, the Government's objections and the Nation's response, the briefing before the Magistrate Judge, and the entire record, the Court will largely adopt the Opinion's findings and conclusions. The Court grants the Nation discovery on its claims that do not arise under the Administrative Procedure Act (APA).

The Government objects to the Magistrate Judge's ruling (1) that discovery on the Nation's APA claim (Count III) is not limited to the administrative record; (2) that discovery for the Nation's non-APA claims (Counts I and II) is not limited to the administrative record; and (3)

that the American Indian Trust Fund Management Reform Act of 1994 ("1994 Act")—under which the Nation brings Count II of its Complaint—creates a cause of action to seek an accounting.  *See* Defs' Objs. to Order ("Defs' Objs."), ECF No. 76.[1]

Generally, a party in a civil case may seek discovery on any evidence that is "relevant" to that party's "claim or defense," even when the Government is a party to the suit.  Fed. R. Civ. P. 26(b)(1).  But discovery rarely occurs for claims brought under the APA.  For those claims, review is limited to the administrative record, not a record developed through the usual processes of civil discovery.  *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").  The party who seeks to limit discovery by a protective order must show "good cause" for that order.  Fed. R. Civ. P. 26(c); *see Greene v. Shegan*, 917 F. Supp. 2d 146, 150 (D.D.C. 2013).

The Opinion correctly characterized Count III as a failure-to-act claim under § 706(1) of the APA, but the Court disagrees that discovery for that claim outside the administrative record is appropriate.  The Government argues that the Nation's APA claim challenges the legal sufficiency of actions the Government took in the mid-1990s to provide an accounting.  The Government says that "[w]hen an agency has acted, Section 706(1) and its failure-to-act case law do not apply."  Defs' Objs. at 15.  But the Court has already decided this question.  As the Court said when it denied the Government's Motion to Dismiss, the Nation's Complaint alleges that the Government has a statutory obligation to act and has "*fail[ed]* to so act."  2020 WL 224486 at *3 (D.D.C. Jan. 15, 2020) (quoting *Cobell v. Salazar*, 240 F.3d 1081, 1095 (D.C. Cir. 2001) (emphasis added)).  The Nation thus asks the Court to "compel" an action that the agency has

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF system.

withheld (*i.e.*, not taken), a claim that falls under the plain language of § 706(1) of the APA.  *See* 5 U.S.C. § 706(1).

Because Count III is an APA claim, discovery on that count would normally be limited to the administrative record.  *See Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019).  The Opinion, however, determined that failure-to-act claims like the one brought by the Nation are excluded from that usual rule.  *See* Opinion at 10.  The language of the APA undermines this conclusion.  Section 706 lists § 706(1) as one of several "foregoing determinations" for which a court "shall review the whole record."  5 U.S.C. § 706.  And "[n]othing in the statutory text distinguishes the scope of record review based on whether the claim is directed at agency action or inaction."  *Dallas Safari Club v. Bernhardt*, — F. Supp. 3d —, 2021 WL 495078 at *3 (D.D.C. Feb. 9, 2021).  Nor does the text "even hint" that review outside the administrative record should occur "as a matter of course" when a plaintiff challenges agency inaction.  *Id.*

More, the D.C. Circuit has steadily limited the "unusual circumstances" in which APA claims merit discovery beyond the administrative record.  *Dist. Hosp. Partners v. Burwell*, 786 F.3d 46, 55 (D.C. Cir. 2015).  True, a claim for failure to act was once an exception to the usual APA discovery rule.  *See Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).  But that exception has disappeared from the Circuit's most recent opinions on the subject.  *See United Student Aid Funds v. Devos*, 237 F. Supp. 3d 1, 4 (D.D.C. 2017) (analyzing cases).  Current case law permits extra-record evidence only in APA cases in which "the procedural validity of the agency's action remains in serious question or the agency affirmatively excluded relevant evidence."  *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014).  The Nation makes no such

allegations in Count III.[2]  So discovery for Count III is limited to the administrative record that the Government has already produced.

This limitation for Count III does not apply to the non-APA claims brought in Counts I and II.  First, the Government argues that 25 U.S.C. § 4011—the statute relied upon in Count II—does not create a private right of action separate from the APA.  *See* Defs' Objs. at 14–15.  But the D.C. Circuit has already held that the trust beneficiaries, including tribes, "are entitled to an accounting under [§ 4011]."  *Cobell v. Salazar*, 573 F.3d 808, 813 (D.C. Cir. 2009).  The Court also finds persuasive the Tenth Circuit's analysis in *Fletcher v. United States*, 730 F.3d 1206, 1209–11 (10th Cir. 2013) (Gorsuch, J.), which held that a tribe has a private right of action under 25 U.S.C. § 4011.  Based on these authorities, Count II does not present an APA claim.

Next, the Government argues that, even if Count II presents a non-APA claim, it "requires evaluating the substance of an agency's decision on an administrative record" and therefore discovery should be limited to that record.  *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018).  (The Nation, for its part, does not dispute that the standard from *Bellion Spirits* governs the scope of discovery for a non-APA claim against an agency.  *See* Opposition to Defs' Objs. at 9, ECF No. 82.)  The Government's contention fails, however, for the same reasons as its prior argument about which claim the Nation presents.  As described above, the Nation alleges that the Government has failed to act—and therefore made no "decision"—according to its statutory obligation.  The Nation is master of its Complaint, and its assertion has survived Rule 12(b).  In short, no "decision" provides any "substance" for the

---

[2] Nor is this a case in which the record is "so bare as to frustrate judicial review" so that extra-record discovery is needed.  *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 998 (D.C. Cir. 1990).  The administrative record is already a "stunning 113,655 pages."  Opinion at 3.

4

Court to review on the Nation's non-APA claims.³  Traditional civil discovery outside the record may therefore proceed for Counts I and II.

That the Court allows some discovery, however, does not imply endless discovery.  Like any other matter of procedure, discovery "has ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The Nation's claims for an accounting are serious, but the Nation also may not achieve through discovery what it seeks on the merits.  For instance, the Nation can likely pursue its claim for an accounting without *every* relevant document dating to the Constitution (or earlier).  And the Government should not be forced to comb the bowels of the National Archives for any document that might theoretically be relevant to the Nation's claims.   Further discovery instead must be more targeted, both in scope and in focus, to center on testing the parties' assertions regarding the sufficiency of the Arthur Andersen Report.

The Nation's proposals to "share the burden of reviewing and producing" documents would be one step to achieve that kind of discovery. Pl's Opp. to Motion for Prot. Order at 10, ECF No. 57; *see also* Fed. R. Civ. P. 37(a)(5)(C) ("[T]he court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."). Boundless discovery will only delay the Court's adjudication of this case's merits, not help it.  *See, e.g.*, *Food Lion Inc. v. United Food and Com. Workers Int'l Union, AFL-CIO-CIC*, 103 F.3d 1007, 1014 (D.C. Cir. 1997) (describing the "problems of boundless discovery without a meaningful standard of relevance").

---

³ The Opinion characterized the Arthur Andersen Report and explained why that Report could not meet the Government's statutory obligation.  *See* Opinion at 11–12.  The Court understands that language to be dicta and takes no position on it now.  The Government may still argue, once this case reaches the merits stage, that the Report was sufficient under § 4011.

The Opinion thus properly reserved judgment on the temporal scope of the Nation's discovery requests and appropriately ordered the parties to seek an agreement on that issue. The Magistrate Judge has since adopted a proposed discovery schedule that accounts for documents with "limited temporal scopes," ECF No. 78. The parties appear to be working together under that schedule. *See* Joint Status Report, ECF No. 84. They should continue to do so and should also discuss how to share the burdens of future discovery. Any disputes shall be submitted to the Magistrate Judge, and the parties shall abide by the Magistrate Judge's scheduling orders. The Court expects that discovery will proceed expeditiously and that the Nation will limit itself to targeted discovery efforts going forward.

\* \* \*

For these reasons, the Magistrate Judge's Opinion will be largely adopted. It is hereby

**ORDERED** that the Government's Motion for a Protective Order is DENIED as to Count I and II but is GRANTED as to Count III.

**SO ORDERED.**

Dated: September 2, 2021                                 TREVOR N. McFADDEN
                                                         United States District Judge